## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

### CIVIL ACTION NO. 4:00-CV-222

**UNITED STATES OF AMERICA, ex rel.**
**DENNIS LeFAN, et al.,**                                              **PLAINTIFFS and RELATORS**

**V.**

**GENERAL ELECTRIC COMPANY, et al.**                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendants for approval of the Defendants' supersedeas bond and for a stay of the Court's January 15, 2008 Memorandum Opinion and Order regarding attorneys' fees (DN 146) and Relators' motion for clarification of the Court's order awarding attorneys' fees and expenses (DN 150). Fully briefed, these matters are ripe for decision. For the following reasons, the Defendants' motion for approval of the supersedeas bond and a stay is **GRANTED** and the Relators' motion for clarification is **DENIED for lack of jurisdiction.**

### I. FACTS

Seven production employees at the General Electric Aircraft Engine turbine airfoil component manufacturing plant in Madisonville, Kentucky brought this action brought under the *qui tam* provisions of the False Claims Act ("FCA"). The original complaint was filed in October 2000. In 2006, the United States intervened as a co-plaintiff in the case, and shortly thereafter, on July 21, 2006, a global settlement was reached. The settlement agreement provided for the dismissal with prejudice of the *qui tam* claims and release of liability of the Defendants, in exchange for the payment of $11.5 million to the United States. The Relators' share of the settlement was $2,357,500.00.

In early 2007, the Relators filed motions for attorneys' fees and expenses for the work performed by three law firms. After considering the parties respective arguments, the Court entered

a Memorandum Opinion and Order on January 15, 2008 and awarded the Relators attorneys' fees and expenses for three law firms totaling $ 2,183,695.60. (DN 141). On February 14, 2008, the Defendants filed a Notice of Appeal with the Sixth Circuit (DN 145). The Defendants and Relators then filed the motions that are now before the Court.

## II. ANALYSIS

The Defendants seek a stay of execution of the Court's final judgment, in light of the pending appeal, and request approval of a supersedeas bond in the amount of $2,400,000 pursuant to Fed. R. Civ. P. 62(d).[1] The Relators contend that the Defendants are not entitled to a stay because the bond is insufficient. Relatedly, in their motion, the Relators ask the Court to clarify that the award of attorneys' fees and costs is subject to post-judgment interest from July 2006, the date the case was settled, rather than January 15, 2008, the date the Court awarded attorneys' fees.

Federal Rule of Civil Procedure 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond...The stay takes effect when the court approves the bond." The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interest, costs, and damages for delay. See, e.g., Poplar Grove v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979); Linc Acquisition One, LLC v. Valentine, 2006 U.S. Dist. LEXIS 63931 (S.D. Ohio 2006); Adzick v. Unum Life Ins. Co. of Am., 2003 U.S. Dist. LEXIS 7555 (D. Minn. 2003).

Here, the parties dispute how the post-judgment interest on the $2,183,695.60 awarded by this Court on January 15, 2008 should be calculated. While both parties rely upon 28 U.S.C. § 1961(a), the post-judgment interest statute, the Defendants contend that the bond should not have to guarantee more than $ 134,786.78 in post-judgment interest, while the Relators argue that $462,095.09 is the

---

[1] The Defendants determined the bond amount as follows: Total Attorneys' Fees/Costs Awarded in January, 15, 2008 Order ($ 2,183,695.00) + Interest During Pendency of Appeal (2 years at statutory rate of 3.04% compounded annually) ($134,786.78) + Any Additional Damages and Fees Awarded to Relators after Appeal ($81,517.62).

appropriate amount. The difference is these calculations is due to the parties' disagreement over whether post-judgment interest began to accrue in July 2006, when the case was settled, or on January 15, 2008, when the Court awarded the Relators attorneys fees. The Relators argue that when the Court entered a consent decree approving the settlement of the qui tam False Claims Act allegations on July 21, 2006, the Relators became "prevailing parties" unconditionally entitled to their reasonable attorneys' fees and expenses pursuant to the mandatory fee-shifting positions of the False Claims Act. See 31 U.S.C. § 3730(d). The Defendants argue that because there was no "judgment" entered on July 21, 2006, no post-judgment interest could have accrued from that date.

The federal post-judgment interest statute states: "Interest shall be allowed on any money judgment in a civil case recovered in a district court...Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. 1961(a). In interpreting this statute with respect to an award of attorneys' fees, the Sixth Circuit has held that post-judgment interest begins "to run on a fee award from the time of *entry of the judgment* which unconditionally entitles the prevailing party to reasonable attorney fees." Associated Gen. Contrs. of Ohio, Inc. v. Drabik, 250 F.3d 482, 495 (6th Cir. 2001)(citing Friend v. Kolodzieczak, 72 F.3d 1386, 1391-92 (9th Cir. 1995)(post-judgment interest "runs from the date [the] entitlement to attorney fees is secured, rather from the date that the exact quantity of fees is set").

Here, the original Order entered by the Court on July 21, 2006 was not a judgment on the merits but a consent to the partial dismissal of the action since it had been settled in part. (DN 61). Indeed, in that Order, the Court did not hold that the Relators were entitled to attorneys' fees; rather, it noted that "the Relators' claims against Defendants under 31 U.S.C. § 3730(d) for expenses, fees,

3

and costs associated with this action are not dismissed and remain active before this Court." The Court first declared that the Relators were entitled to attorneys' fees on January 15, 2008, when it entered a Memorandum Opinion and Order quantifying those fees. This Order, therefore, constitutes the one and only "judgment" from which post-judgment interest can accrue. Accordingly, the Court accepts the Defendants' calculation of post-judgment interest for the purposes of the supersedeas bond and finds that the amount of the bond is sufficient.

The Relators also argue that the supersedeas bond should not be approved because it only provides that the Defendants will pay "the amount directed to be paid by the January 15, 2008 Order, or the part of such amount as to which the Order is affirmed if affirmed only in part, and all damages which shall be awarded to Plaintiffs/Relators upon the appeal." The Relators argue that the bond must also provide for the payment of interest and costs and that the proposed bond must be re-issued to account for these amounts. The Defendants contend, however, that the terms of the bond adequately protects the Relators' interests and the Court agrees.

Finally, to the extent that the Defendants argue that their Notice of Appeal divests the Court of jurisdiction over the Relators' motion for clarification, the Court agrees. The Sixth Circuit has held that "...a district court may not alter or enlarge the scope of its judgment pending appeal..." <u>City of Cookeville v. Upper Cumberland Elec. Membership Corp.</u>, 484 F.3d 380, 394 (6th Cir. 2007). Here, if the Court were to hold that the Relators were entitled to post-judgment interest from the date of the July 21, 2006, settlement agreement, the Court would be substantially enlarging the scope of its judgment.

## III. CONCLUSION

For the foregoing reasons, the Defendants' motion for approval of their supersedeas bond and a stay is **GRANTED** and the Relators' motion for clarification is **DENIED for lack of jurisdiction. IT IS SO ORDERED**.

cc: Counsel of Record