# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

## CIVIL ACTION NO. 4:00-CV-222

**UNITED STATES OF AMERICA, ex rel.**
**DENNIS LeFAN, et al.,**                                    **PLAINTIFFS and RELATORS**

**V.**

**GENERAL ELECTRIC COMPANY, et al.**                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

These matters are before the Court upon a motion by Volkema Thomas for acceptance of supplemental jurisdiction to determine how the contingent fee should be distributed in this case [DN 178] and upon a motion by Priddy Cutler for permission to interplead funds [194]. Fully briefed, these matters are ripe for consideration. For the following reasons, both motions are **GRANTED**.

### I. FACTS

This lawsuit originated when seven production employees at the General Electric Aircraft Engine turbine airfoil component manufacturing plant in Madisonville, Kentucky brought claims against General Electric under the under the *qui tam* provisions of the False Claims Act. The original complaint was filed in October 2000. In 2006, the United States intervened as a co-plaintiff in the case, and shortly thereafter, in July 2006, a global settlement was reached. The settlement agreement provided for the dismissal with prejudice of the *qui tam* claims and release of liability of the Defendants, in exchange for the payment of $11.5 million to the United States. The Relators' share of the settlement was $2,357,500.00.[1]

Subsequently, the Relators filed motions for attorneys' fees and expenses for the work

---

[1] Retaliation claims by three Relators remained active after the *qui tam* claims were settled. Two of the retaliation claims have now been settled as well (DN 63, 64) but one remains active before the Court.

performed by the law firms of Priddy, Cutler, Miller, and Meade, L.L.C ("Priddy Cutler"), of Louisville, Kentucky; Helmer, Martins, Rice, & Popham Co., L.P.A. (the "Helmer firm"), of Cincinnati, Ohio; and Volkema Thomas L.P.A. ("Volkema Thomas"), of Cincinnati, Ohio. Alton D. Priddy was the first attorney contacted by the Relators in this case. He was contacted in the summer of 2000, approximately four months before the first complaint was filed. In the course of his representation, Mr. Priddy conducted extensive interviews with the Relators and two experts; reviewed and analyzed the documents and manuals provided by the Relators; and prepared presentations to the United States regarding the facts underlying the *qui tam* allegations. In 2002, he sought the involvement of Frederick M. Morgan, Jr., then of the Helmer firm, as co-counsel. Over the next three years, both firms represented the Relators and supported the government investigation. In January 2005, Mr. Morgan and Mary Jones, a paralegal who had devoted substantial time to the matter, left Helmer and joined Volkema Thomas. Thus, between January 2005 and the settlement in July 2006, the Relators were represented by Priddy Cutler, the Helmer firm, and Volkema Thomas. On January 15, 2008, the Court awarded statutory attorney fees to the three firms. (DN 141).

As part of the settlement, the Relators also consented to the distribution of one-half of the contingency fee to Priddy Cutler and one- half to the Helmer firm and Volkema Thomas "jointly." (DN 178, Attach. 3). However, Priddy Cutler and the Helmer firm had previously executed a co-counseling agreement which stated that both firms had to mutually agree on the amount of the contingency fee that new counsel would receive and that both firms' respective portions of the contigency fee would be reduced equally to account for the amount allocated to new counsel. (DN 178, Attach. 2). The Helmer firm and Volkema Thomas now dispute how their share of the

2

contingency fee should be distributed. Volkema Thomas requested mediation or arbitration of the dispute through the Ohio Bar Association. The Helmer firm, however, has filed a lawsuit in Ohio state court to prevent the arbitration from going forward and to recover its share of the contingency fee from Priddy Cutler. In the matter now before the Court, Volkema Thomas asks the Court to exercise supplemental jurisdiction over the contingency fee dispute and to establish a briefing schedule so the matter can be timely resolved.

## II. ANALYSIS

The Helmer firm argues that the Court should not exercise supplemental jurisdiction over this matter because it involves a purely private contract dispute among counsel and does not relate to the False Claims Act violations committed by the Defendants nor any opinion previously entered by this Court. The Sixth Circuit, however, has considered and rejected these very arguments. In Kalyawongsa v. Moffett, the court stated as follows:

> [Attorneys'] fees are part of the overall costs of the underlying litigation. Resolution of related fee disputes is often required to provide a full and fair resolution of the litigation. Unlike a state court judge hearing a separate contract action, a federal judge who has presided over a case is already familiar with the relevant facts and legal issues. Considerations of judicial economy are at stake. Thus, we hold that although attorneys' fee arrangements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it *requires* courts to exercise supplemental jurisdiction over fee disputes that are related to the main action.

105 F.3d 283, 287-88 (6th Cir. 1997) (emphasis added). The Sixth Circuit reached a similar conclusion in Greenwood v. Hofler-Saunders. 2003 U.S. App. LEXIS 24842 (6th Cir. 2003). In Greenwood, two attorneys had filed a civil rights action under 42 U.S.C. § 1983 that ultimately settled. The representation agreement that the attorneys had entered into with the plaintiffs provided for a 40% contingency fee but was silent as to how the fee would be divided between co-counsel.

Relying on Kalyawongsa, the court concluded that "because the district court had federal jurisdiction over the Section 1983 claim, it properly exercised supplemental jurisdiction over the attorneys' fee issue derived therefrom." Id.

In light of Kalyawongsa and Greenwood, the Court concludes that it must exercise supplemental jurisdiction over the contingency fee dispute between Priddy Cutler, Volkema Thomas, and the Helmer firm. The dispute between them derives from an action brought under the False Claims Act over which the Court continues to have federal jurisdiction. For this reason, the Court also grants Priddy Cutler's motion for permission to interplead $517,500.00 into the Court's registry account to be held pending the Court's resolution of this dispute. In so doing, the Court makes no finding regarding the adequacy of this amount as it relates to the amount that may be owed by one firm to another.

### III. CONCLUSION

For the foregoing reasons, both Volkema Thomas' motion for acceptance of supplemental jurisdiction and Priddy Cutler's motion to interplead funds are **GRANTED**. The matter is hereby referred to Magistrate Judge E. Robert Goebel pursuant to Title 28, U.S.C. § 636(b)(1)(A) and (B). The Magistrate is directed to conduct a conference to establish a briefing schedule for the resolution of this dispute. Thereafter, the Magistrate shall file a report and recommendation for disposition. **IT IS SO ORDERED**.

cc: Counsel of Record